Filed 8/14/20  P. v. Macias CA4/1
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D076930 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCF000979) |
| MARCOS MACIAS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Imperial County, Poli Flores, Jr., Judge.  Affirmed.

Janice R. Mazur, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

BACKGROUND

On June 25, 2018, law enforcement responded to a call regarding a sex offense in Salton City.  They met with the victim, a minor, who was emotional and crying.  She told the deputies that she had been molested by her father, defendant Marcos Macias, for the past year, starting when she was 14 years old and in the eighth grade.  She stated the sexual encounters

included sexual intercourse, and they happened once or twice a week, the most recent occurring the night before. At first defendant denied any wrongdoing but when told the victim's exam showed his DNA inside her, he stated she had initiated the contact. At that time the police did not have the DNA information.

On September 27, 2019, a jury found defendant guilty of one count of forcible rape on a child victim over 14 years old in violation of Penal Code[1] section 261, subdivision (a)(2) (count 1). It was not able to reach a verdict on counts 2–8 and a mistrial was declared as to those counts.

At a pretrial conference on October 16, 2019, an agreement was reached whereby defendant pled no contest to forcible oral copulation, with a stipulated sentence of the low term of seven years on the previously found guilty verdict on count 1, and the low term of six years on count 5 to be served consecutively, for a total prison term of 13 years. Defendant was required to register as a sex offender pursuant to section 290. Under the plea, all remaining counts were dismissed. Defendant waived his right to appeal the conviction of count 1. Defendant also agreed to waive any denial of his 1538.5 motion, issues related to strike priors, and any stipulated sentence. On the same day, defendant reviewed the plea agreement as to count 5, and accepted his plea to that count.

Defendant filed a timely notice of appeal.

ANALYSIS

After consulting with Appellate Defenders Inc., and thoroughly reviewing the record, appellate counsel has filed a brief in accord with the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). She requests we conduct

---

[1] All further statutory references are to the Penal Court.

2

our own independent review of the record to determine if the record reveals any issues that would, if resolved favorably to defendant, result in modification or reversal of the judgement.

To assist this court, counsel directs our attention to those areas of the record impacting whether defendant, as part of his plea agreement, knowingly and intelligently waived his right to appeal his conviction on count 1.

Pursuant to counsel's request and applicable law, we have reviewed the record and conclude there are no arguable issues which would result in modification or reversal.

Appellate counsel has filed a declaration stating she has advised defendant that a brief was being filed pursuant to *Wende* and *Anders*. She has also advised defendant that he has a right to file a supplemental brief in his own behalf. This court has likewise informed defendant he is entitled to file a brief in his own behalf. He has chosen not to file a supplemental brief.

Defendant has been represented by competent counsel on appeal.

DISPOSITION

The judgment is affirmed.

BENKE, Acting P. J.

WE CONCUR:

HALLER, J.

O'ROURKE, J.

3